UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN CREPS, | No. C-11-01751-DMR |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT** |
| v. | |
| TRUCO MARINE, LLC (a/k/a Patriot Holdings, LLC), | |
| Defendant. | |

Plaintiff Ethan Creps, a seaman, filed this action in the California Superior Court of San Francisco against Defendant Truco Marine, LLC (aka Patriot Holdings, LLC)[1] ("Truco"). He seeks damages based on negligence, unseaworthiness, and maintenance and cure pursuant to the Jones Act, 46 U.S.C. §§ 30101-30106, and general maritime law for injuries he allegedly sustained on the USNS HAYES ("HAYES"). Truco removed the action to this Court and now moves to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure based upon lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Alternatively, Truco moves for summary judgment. Creps cross-moves to remand the case to state court. For the following reasons, the court grants Plaintiff's motion to remand and denies Defendant's motion to dismiss as moot.

**I. Background and Procedural History**

Creps alleges that he sustained injuries on or about October 6, 2008 during the course of his employment on the HAYES when a cable on the ship's crane snapped, causing a 300 pound crane

---

[1] Truco changed its name from Patriot Holdings, LLC to Truco Marine, LLC nearly five months prior to the issuance of Creps's being hired to work on the vessel in question. (Danoff Decl. Attach. 1 at 3, Oct. 27, 2011.)

block to fall approximately 60 feet and strike him in the back. (Compl. ¶¶ 6, 11, 12.) As a result of this accident, he claims that he incurred and will continue to incur "various medical, surgical, hospital and therapeutic costs and expenses . . . [and lost] wages, earnings, earning capacity, and income." (Compl. ¶¶ 14-15.)

On March 3, 2011, Creps filed this action against Truco, whom he believed to be his employer at the time of the accident, and other unnamed defendants in state court based on negligence, unseaworthiness, and maintenance and cure pursuant to the Jones Act and general maritime law. (Compl. ¶¶ 22-24.) Truco removed the case to federal court on April 8, 2011, arguing (1) that Patriot Contract Services LLC ("PCS") -- and not Truco -- was Creps's employer and (2) that pursuant to the "Exclusive Remedy Provision," 46 U.S.C. § 30904, of the Suits in Admiralty Act ("SIAA"), *id.* §§ 30901-30918, the United States, as PCS's principal, is the only proper defendant as the owner of and controlling authority on the HAYES at the time of the accident. (Notice of Removal ¶¶ 6-7.)

Creps moved to remand the case to state court. Truco opposes Creps's motion and moved the court to dismiss the case for lack of subject matter jurisdiction and for failing to state a claim upon which relief can be granted. In the alternative, Truco asked the court to grant it summary judgment on the basis that it is the wrong defendant. The court heard oral argument on June 9, 2011. It held both motions in abeyance and granted the parties 90 days to engage in limited jurisdictional discovery to determine, *inter alia*, "the relationship between the various entities (e.g., Truco, LLC, Patriot Contract Services, Patriot Holdings, LLC, etc.) as well as their relationship with plaintiff." [Docket No. 17.] *Cf. Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 N.12 (1978) (noting court's discretion to allow limited discovery to resolve subject matter jurisdictional dispute); *Wells Fargo & Co. v. Walls Fargo Exp. Co.*, 556 F.2d 406, 430 n.4, 431 n.24 (9th Cir. 1977) (same). The parties supplemented their briefs with their findings on September 7, 2011. [*See* Docket Nos. 20-25.]

**II. The Jones Act, Public Vessels Act, and Suits in Admiralty Act**

The Jones Act permits seamen injured in the course of employment to bring a civil action in admiralty against their employer based on negligence, unseaworthiness, and maintenance and cure.

*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001). Suits brought under the Act in state court generally are not removable to Federal court. 46 U.S.C. § 30104 (incorporating 28 U.S.C § 1445(a) into Jones Act); *see also* 28 U.S.C. § 1445(a) (barring removal of listed civil actions).

Similar claims that arise from injuries incurred on a United States-owned vessel are subject to the Public Vessels Act ("PVA"), 46 U.S.C. §§ 31101-31113. *See, e.g.*, *Dearborn v. Mar. Ship Operations, Inc.*, 113 F.3d 995 (9th Cir. 1997); *O'Connell v. Interocean Mgmt. Corp.*, 90 F.3d 82 (3d Cir. 1996). The PVA waives sovereign immunity for civil actions claiming "damages caused by a public vessel of the United States," § 31102(a)(1), and precludes suits against government agents for the same claims for which it waives sovereign immunity. § 31103 (incorporating SIAA into PVA). Specifically, the Exclusive Remedy Provision mandates that if a remedy is provided by the PVA, "it shall be exclusive of any other action arising out of the same subject matter against the officer, employee, or agent of the United States." § 30904. In other words, a plaintiff may bring an action grounded in the act of a government agent on a public vessel only against the United States. *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985); *see also Dearborn*, 113 F.3d at 998.

### III. Discussion: Plaintiff's Motion to Remand

A federal court must remand a case to state court if there is any doubt about the propriety of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Because there exists a presumption against removal, the defendant bears the burden of establishing that propriety. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). When evaluating the validity of removal, courts generally may not look beyond the plaintiff's pleadings and must resolve disputed questions of fact in favor of the plaintiff. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936); *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993); *Iwag*, 882 F. Supp. at 603.

Although a party typically cannot remove a Jones Act claim to Federal court, § 30104, courts have provided an exception to this rule when the plaintiff has submitted a fraudulent pleading to evade removal. *See Iwag v. Geisel Compania Maritima, S.A.*, 882 F. Supp. 597, 603 (S.D. Tex. 1995); *see also Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995) (defining fraudulently pled complaint as one in which "plaintiffs' claims . . . 'are baseless in law and in fact and "serve[ ] only to frustrate federal jurisdiction."'" (brackets in original) (quoting *Lackey v. Atl. Richfield Co.*, 990

3

United States District Court
For the Northern District of California

1 F.2d 202, 207 (5th Cir.1993) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir.1964)))).

In these circumstances, courts may pierce the pleadings and examine affidavits, declarations, and other materials beyond the complaint to discern whether the plaintiff fraudulently pled his claim. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998); *Lackey*, 990 F.2d at 207 (citations omitted); *Boyle v. Chicago, R.I. & P. Ry. Co.*, 42 F.2d 633, 634-35 (8th Cir. 1930) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146 (1914)); *Rosario v. Waterman Steamship Corp.*, 158 F. Supp. 537, 538-39 (S.D.N.Y. 1957); *Steele v. Am. S. African Line*, 62 F. Supp. 636, 638 (N.D. Cal. 1945). Defendant's burden nevertheless remains great. The court "must resolve all disputed questions of fact and any ambiguities in the current controlling substantive law in favor of the plaintiff," and Defendant must show that "there [i]s no reasonable basis for predicting that the plaintiff might establish liability." *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995); *accord Lackey*, 990 F.2d at 207. In the context of the unusual procedural posture of this case, Defendant would have to prove either 1) that it was an agent of the United States under the SIAA and PVA or 2) that it was not Plaintiff's employer.[2]

The court finds the Defendant has not met this burden and that it therefore remains possible that Truco may be liable to Creps under the Jones Act. Although Defendant presented ample evidence showing that an agency relationship likely existed between PCS and the United States (*see generally* Collins Decl. Ex. A at 10, Oct. 27, 2011 ("Collins 2d Decl."); Collins Decl. ¶¶ 2, 5, Ex. 1, June 9, 2011), he provided nothing showing that Defendant had a similar relationship with the United States. The court therefore cannot conclude that Defendant receives immunity as an agent of the United States under the SIAA and PVA.

Similarly, although Truco has proffered materials that highly suggest that it was not Plaintiff's employer, they do not eliminate all possibility of an employment relationship between them. For example, a crew data form which Creps filled out upon commencing his job on the

---

[2] During oral argument, defense counsel acknowledged that at least hypothetically, it is possible to have a subcontractor to an agent/contractor who is (1) the employer of a seaman, but (2) not an agent of the United States. Such a seaman could have a valid, non-removable Jones Act claim.

4

**United States District Court**
For the Northern District of California

1  HAYES explicitly states that the form is used for "Patriot Contract Services, LLC (PCS)" vessels.
2  (Collins 2d Decl. Ex. at 14.) Similarly, Truco has provided an employment-related credit report
3  authorization, drug/alcohol certification and consent form, and medical information disclosure form
4  that Creps completed for "Patriot Contract Services." (Collins 2d Decl. Ex. at 15-17.) The report of
5  marine accident, injury, or death completed by the HAYES's master, its accompanying drug and
6  alcohol test form, and other documents completed following Creps's accident list PCS as the vessel
7  operator. (Collins 2d Decl. Ex. at 19-22, 27, 29-32.) In addition, forms completed by or for Creps
8  after his injury list PCS as his employer. (*See, e.g.*, Collins 2d Decl. Ex. at 25, 28; *see also* Collins
9  2d Decl. Ex. at 26 (listing PCS in unknown capacity on medical form).) On the other hand,
10 Plaintiff's work dispatch notice lists his employer vaguely as "PATRIOT" (Creps Aff. Ex. 1, Oct.
11 27, 2011), and multiple affiliated companies have "Patriot" in their name. (Hillsman Aff. Ex. 1, Oct.
12 27, 2011.) His earnings statements come from "AMERICAN SHIPMENT MANAGEMENT LLC."
13 (Creps Aff. Ex. 2.) Likewise, Creps's maintenance/unearned wages checks vaguely list "PATRIOT
14 GROUP" as his employer. (Creps Aff. Ex. 4.) These facts and ambiguities create enough doubt that
15 the court cannot definitively hold that there is no possibility that Truco employed him. Moreover,
16 record evidence shows that these companies are intertwined, it remains possible that one of them
17 who was not an agent of the United States could have employed him, even if it is not Truco.
18 Because Defendant has not satisfied its burden to sustain removal jurisdiction, the court must
19 remand this action to California state court.

### IV. Conclusion

21 For the reasons provided above, the court GRANTS Plaintiff's Motion to Remand and
22 DENIES Defendant's Motion to Dismiss as moot.

24 IT IS SO ORDERED.

26 Dated: November 8, 2011



DONNA M. RYU
United States Magistrate Judge